IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER O. HENDERSON,        )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CASE NO. 2:12-CV-1066-TMH
                                 )                    [WO]
                                 )
TALLASSEE POLICE DEPT.,          )
                                 )
        Defendant.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Christopher O. Henderson ["Henderson"], a county inmate, on December 5, 2012.[1]  In this complaint, Henderson maintains that the Tallassee Police Department improperly charged him with sexual abuse in October of 2003.  Henderson also challenges the sufficiency of the evidence presented at trial to support the state conviction imposed against him for this offense.

Upon review of the complaint, the court concludes that this case is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

---

[1] Although the Clerk stamped the complaint "received" on December 7, 2012, Henderson indicates he presented the complaint to prison officials for mailing on December 5, 2012.  *Complaint - Doc. No. 1* at 2.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Henderson] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers December 5, 2012 as the date of filing.

[2] The court granted Henderson leave to proceed *in forma pauperis*.  *Order of December 12, 2012 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The Named Defendant

A city police department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that the plaintiff's claims against the Tallassee Police Department are due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

### B.  The Improper Charge Claim

Henderson complains that on October 23, 2003 the "Tallassee Police Department charge me with sexual abuse without DNA and without reading me my rights." *Complaint - Doc. No. 1* at 1. It is clear from the complaint that the claim presented by Henderson regarding the initial charge lodged against him for sexual abuse is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The action about which Henderson complains occurred on October 24, 2003.[3]  The tolling

---

[3]In computing the period of limitation, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

provision of *Ala. Code* § 6-2-8(a) is unavailing.[4]  Under the factual circumstances of this case, the statute of limitations began to run on October 24, 2003 and ran uninterrupted until its expiration on October  24, 2005.  As previously noted, Henderson filed the instant complaint on December 5, 2012.  This filing occurred over seven years ***after*** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in a section 1983 action it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332."  *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants  the ... court must evaluate the merit of the claim *sua sponte*."  *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop."  *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

_____

[4] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...."  *Ala. Code* § 6-2-8(a).  The complaint demonstrates Henderson was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts presented in the complaint, Henderson has no legal basis on which to proceed as he filed this case more than nine years after the action about which he complains occurred. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Henderson's challenge to the charge lodged against him in October of 2003 is barred by the applicable two-year period of limitation which expired in October of 2005 and the claims presented by Henderson are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

## C.  The Challenge to Plaintiff's Conviction

Henderson argues that the Circuit Court of Elmore County, Alabama convicted him of sexual "with no evidence and no witnesses.... [T]he judge didn't care about my statement [or the statement] from my witness." *Complaint - Doc. No. 1* at 1. These claims are not cognizable in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at

_____

[5]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

483-489.   Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id.* at 649.

The present allegations regarding evidentiary deficiencies in the state trial proceedings implicate the constitutionality of the sexual abuse conviction and resulting sentence imposed on Henderson by the Circuit Court of Elmore County, Alabama.  A judgment in favor of Henderson on these claims would necessarily imply the invalidity of this conviction.  It is clear from the complaint

that the conviction from which Henderson's claims arise has not been invalidated in an appropriate

proceeding.   Consequently, any collateral attack under § 1983 on the sexual abuse conviction

imposed upon Henderson is prohibited and subject to summary dismissal by this court pursuant to

the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481;

*Preiser*, 411 U.S. at 488-490.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's challenge to the constitutionality of the initial charge lodged against him

in October of 2003 be dismissed with prejudice prior to service of process pursuant to the provisions

of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed

by the applicable period of limitation.

2.  To the extent the plaintiff presents claims which challenge the constitutionality of a sexual

abuse conviction imposed upon him by the Circuit Court of Elmore County, Alabama, these claims

be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims

are not cognizable in the instant civil action.

3.  This case be dismissed prior to service of process in accordance with the directives of 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before July 7, 2014 the parties may file objections to this

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

objections will not be considered by the District Court.  The parties are advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of June, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE